IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DGE INVESTMENTS, INC., ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:25-cv-2687-S-BN |
| | § | |
| HAWAII FLUID ART FRANCHISING, | § | |
| LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER STAYING
AND ADMINISTRATIVELY CLOSING ACTION**

After United States District Judge Karen Gren Scholer referred this lawsuit to the undersigned United States magistrate judge for pretrial management, *see* Dkt. No. 22; 28 U.S.C. § 636(b), Plaintiffs notified the Court that, "[o]n January 20, 2026, Defendant Maya Ratcliff filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, under Case No. 26-30267-swe, pending in the United States Bankruptcy Court for the Northern District of Texas." Dkt. No. 27 (cleaned up).

Given the interrelatedness of the defendants, *see, e.g.*, Dkt. Nos. 8 & 27, the Court entered an order on February 18, 2026 to "obtain the parties' views on the effect of this bankruptcy filing on the claims in this case considering the automatic stay provisions of 11 U.S.C. § 362." Dkt. No. 28 (citing *Jenkins v. TXS United Hous. Program, Inc.*, No. 3:13-cv-3808-BN, 2014 WL 6084890 (N.D. Tex. Nov. 14, 2014); *Uranga v. Holiday Market, Inc.*, No. 3:13-cv-2213-BN, 2014 WL 349716 (N.D. Tex. Jan. 31, 2014)).

Plaintiffs timely responded, *see* Dkt. No. 29, and, the same day, voluntarily dismissed their claims against Defendant Trinity Kirk under Federal Rule of Civil Procedure 41(a)(1)(A)(i), *see* Dkt. No. 30.

And Defendants failed to file a response to the February 18 order.

In support of allowing this lawsuit to proceed against the remaining defendants other than Ratcliff, Plaintiffs assert, in part, that

> one Defendant – Ratcliff – is in individual bankruptcy. Plaintiffs expect to challenge and/or move to dismiss Ratcliff's bankruptcy filing.
> The remainder of the Defendants are entities and none of the entity Defendants have filed for bankruptcy.
> Plaintiffs should be permitted to proceed against the remaining Defendants even if part of the case is stayed as to Ratcliff individually. The Defendant entities have had more than ample time to obtain counsel. If the Defendants are not going to obtain counsel, then Plaintiffs would move to strike any appearances by individuals who are not attorneys on behalf of the entity Defendants and would proceed to request a default judgment as to those entities.

Dkt. No. 29 at 2-3 (cleaned up).

But, as Plaintiffs allege as to the entity defendants, Ratcliff "is [their] sole member" or they "are all merely alter-egos of Defendant Ratcliff, who is their sole Member, and each of these defendants are merely instrumentalities of Ratcliff." Dkt. No. 8, ¶¶ 22-31.

And the Court concludes that allowing Plaintiffs "to proceed to request a default judgment as to [each of these] entities" would potentially violate the automatic stay such that the Court finds that the automatic stay provisions of Section 362(a) apply to the entity defendants. *Cf. First Bank of the Lake v. VCJ Estates, LLC*, No. 25-00502-BAJ-RLB, 2026 WL 596508, at *1 (M.D. La. Mar. 3, 2026) ("A bankruptcy court may invoke the automatic stay to stay proceedings against a

nonbankrupt third-party defendant, where there is such an identity between the debtor defendant and a third-party defendant that a judgment against the third party will in effect be a judgment or finding against debtor. *Reliant Energy Services, Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003). Even though Defendants Gonzales and Breaux are the sole members of third-party Defendant VCJ Estates LLC, a judgment against the LLC is not a judgment against debtor Defendants Gonzales and Breaux. That said, the specific relief Plaintiff requests in the instant Motion[  – including default judgment against the LLC – ]necessarily makes it an action against Defendants Gonzales and Breaux, which the Court is prohibited from doing under 11 U.S.C. § 362(a).... Therefore, the Court lacks jurisdiction to grant the specific relief Plaintiff requests." (cleaned up)); *In re Tommy's Fort Worth*, 671 B.R. 712, 729-30 (Bankr. N.D. Tex. 2025) ("The automatic stay is central to the bankruptcy process, providing not only a temporary breathing spell to the debtor from creditor collection activity, but also protection to all creditors against the possibility of only a few of them – those who successfully win the proverbial race to the courthouse – obtaining a preferential recovery to the detriment of all other similarly situated creditors." (citing *Reliant*, 349 F.3d at 825)).

And, so, because this case should be stayed as to all remaining defendants, this entire proceeding is STAYED subject to this stay's being lifted upon the motion of any party if the Section 362(a) automatic stay is lifted by the bankruptcy court, and ALL PENDING DEADLINES ARE TERMINATED.

The right to seek the lifting of the stay shall continue until 30 days after the

applicable bankruptcy proceeding has concluded.

Considering this stay, the Court further determines that this civil action should be, and is hereby, ADMINISTRATIVELY CLOSED.

This determination is neither a dismissal nor disposition of this case, as "[t]he effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket; i.e., administratively closed cases are not counted as active." *Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2004) (citation omitted); *cf. Hagar v. Fed. Bureau of Investigation*, ___ F.4th ____, No. 25-40188, 2026 WL 828293, at *3 (5th Cir. Mar. 26, 2026) (finding an order that address but leaves unresolved a dispositive motion "to be a proper exercise of the magistrate judge's pretrial docket-management authority").

Still, the United States District Clerk is instructed to submit a JS-6 form to the Administrative Office, thereby removing this case from the statistical records.

SO ORDERED.

DATED: April 13, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE